IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jerri Califf, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Navient Solutions, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Jerri Califf ("Plaintiff") brings this action against Defendant Navient Solutions, Inc. ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is

1

"well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) (Court stating that "[t]he purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

## THE TELEPHONE CONSUMER PROTECTION ACT

6.      Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

7.      In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

8. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500.00 for each violation of the statute.  47 U.S.C. § 227(b)(3)(B).

10. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

11. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3)(C).

## PARTIES

12.     Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Berrien, and City of Niles.

13.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

## FACTUAL ALLEGATIONS

14.     Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number, ending in -1444, in connection with such subscription.

15.     In or around September of 2008, Plaintiff cosigned on a private Sallie Mae student loan for her daughter.

16.     Due to recurring health issues that affected Plaintiff's daughter's financial situation, Plaintiff's daughter was unable to stay current on her monthly repayment schedule and defaulted in October of 2016.

17.     Prior to the default, in or around July of 2016, Defendant began incessantly calling Plaintiff's wireless number, sometimes five times a day, whenever Plaintiff's daughter was late with a payment.

18.     To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was orally revoked multiple times no later than October 18, 2016.

19. Plaintiff called Defendant on October 18, 2016, requested that Defendant stop calling her wireless number, and stated that any further communication with Plaintiff should be sent via mail.

20. During the October 18, 2016 phone call, Defendant stated that it would continue to call Plaintiff until a payment was made.

21. Despite Plaintiff's explicit instructions to stop placing calls to her wireless number, Defendant continued to place calls to Plaintiff's wireless number, including, but not limited to, the following dates and times:

1) October 24, 2016 at 4:37 P.M.;
2) October 25, 2016 at 12:27 P.M.;
3) October 26, 2016 at 12:18 P.M.;
4) October 26, 2016 at 2:12 P.M.;
5) October 26, 2016 at 6:40 P.M.;
6) October 27, 2016 at 12:25 P.M.;
7) October 27, 2016 at 4:29 P.M.;
8) October 28, 2016 at 10:17 A.M.;
9) October 28, 2016 at 4:57 P.M.;
10) October 31, 2016 at 8:48 A.M.;
11) October 31, 2016 at 10:32 A.M.;
12) October 31, 2016 at 4:41 P.M.;
13) November 1, 2016 at 11:04 A.M.;
14) November 1, 2016 at 1:05 P.M.;
15) November 1, 2016 at 2:06 P.M.;
16) November 1, 2016 at 4:00 P.M.;
17) November 1, 2016 at 5:02 P.M.;
18) November 1, 2016 at 6:03 P.M.;
19) November 2, 2016 at 3:15 P.M.;
20) November 3, 2016 at 12:58 P.M.;
21) November 7, 2016 at 9:01 A.M.;
22) November 7, 2016 at 2:30 P.M.;
23) November 8, 2016 at 2:26 P.M.;
24) November 8, 2016 at 12:59 P.M.;

      25) November 9, 2016 at 2:42 P.M.;
      26) November 10, 2016 at 2:19 P.M.;
      27) November 14, 2016 at 11:42 A.M;
      28) November 17, 2016 at 12:58 P.M.;
      29) November 18, 2016 at 11:56 A.M.;
      30) December 9, 2016 at 3:30 P.M.;
      31) December 12, 2016 at 3:26 P.M.;
      32) December 14, 2016 at 2:23 P.M.; and
      33) December 16, 2016 at 2:20 P.M.

22. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

23. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

24. Defendant did not have Plaintiff's prior express consent to make the calls identified above to Plaintiff's wireless number.

25. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

26. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

27. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

28. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

29. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's wireless number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 6, 2017

                                  Respectfully submitted,

                                  s/ Joseph Panvini
                                  Joseph Panvini
                                  Thompson Consumer Law Group, PLLC
                                  5235 E. Southern Ave., D106-618
                                  Mesa, AZ 85206
                                  Telephone: (602) 388-8875
                                  Facsimile: (866) 317-2674
                                  jpanvini@consumerlawinfo.com
                                  Attorney for Plaintiff